Filed 10/13/23  P. v. Lentz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C097842 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF22-02669) |
| v. | |
| JASON DION RAY LENTZ, | |
| Defendant and Appellant. | |

Defendant Jason Dion Ray Lentz appeals an upper term prison sentence imposed following his no contest plea to failing to appear while on bail (Pen. Code, § 1320.5)[1] and admission that he had suffered a prior strike.  (§§ 667, subd. (d), 1170.12, subd. (b).) Defendant complains the trial court's noncompliance with the changes brought about by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) requires reversal for resentencing.  We disagree and affirm.

---

[1]     Undesignated section references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2022, the Yuba County District Attorney filed a complaint charging defendant with failing to appear while on bail (§ 1320.5) with enhancing allegations that defendant committed the crime while released on bail (§ 12022.1) and had suffered a prior strike. (§§ 667, subds. (b)-(j), 1170.12.)

On January 11, 2023, defendant resolved the matter by pleading no contest and admitting the prior strike. In exchange, another pending case was dismissed. The plea agreement called for a stipulated sentence of six years (the upper term of three years, doubled due to the prior strike).

In entering this plea, defendant waived numerous rights, including his rights to a trial, to subpoena and examine witnesses, to testify in his own defense, and against self-incrimination/to remain silent. The stipulated factual basis for the plea was the trial court's file. Defendant requested and received immediate sentencing whereupon the trial court imposed the agreed-upon term of six years. Defendant did not raise any objection to this sentence. Defendant timely appealed and did not request a certificate of probable cause. Appellate briefing in this matter was completed on August 15, 2023.

DISCUSSION

Effective January 1, 2022, Senate Bill 567 altered the methodology for selecting an appropriate triad term. (§ 1170, subd. (b); Stats. 2021, ch. 731, § 1.3.) Pursuant to Senate Bill 567, when a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the trial court must impose a term not exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term exceeding the middle term and the facts underlying those aggravating circumstances (1) have been stipulated to by the defendant; (2) have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial; or (3) relate to the defendant's prior convictions and are based on a certified record of conviction. (§ 1170, subd. (b)(1)-(3); Stats. 2021, ch. 731, § 1.3.)

2

Defendant argues we must remand this case for resentencing in light of the trial court's noncompliance with these legislative changes, citing *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314, and *People v. Todd* (2023) 88 Cal.App.5th 373, review granted April 26, 2023, S279154. We do not agree. Here, the trial court selected an upper term sentence over a year *after* Senate Bill 567's effective date (Stats. 2021, ch. 731, eff. Jan. 1, 2022), and defendant did not object to the court's alleged noncompliance with the changes brought about by that legislation. Therefore, defendant forfeited this argument. (*People v. Scott* (1994) 9 Cal.4th 331, 351; *People v. Flowers* (2022) 81 Cal.App.5th 680, 683-684, review granted Oct. 12, 2022, S276237.) In light of this conclusion, we do not reach the People's argument that defendant's challenge is prohibited by his failure to obtain a certificate of probable cause.

## DISPOSITION

The judgment is affirmed.

/s/
Krause, J.

We concur:

/s/
Robie, Acting P. J.

/s/
Boulware Eurie, J.